888 F.2d 127
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edwin C. LANGFORD, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 89-5141.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1989.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and ENGEL,* Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Edwin Langford appeals from a judgment entered in the United States District Court for the Eastern District of Kentucky, which affirmed the Secretary of Health and Human Services' denial of applications for disability, disability insurance benefits and Supplemental Security Income.
 
 
 2
 Born on January 18, 1944, Langford has completed high school. Langford was employed as a Linotype operator, or typesetter, from 1963 to April, 19, 1981, when he was displaced due to the automation of his job. On March 12, 1986, Langford filed for benefits, claiming that he suffered from severe, incapacitating pain as a result of complications from his contraction of polio at age eight. Prior to this current application, Langford unsuccessfully applied for benefits in 1981, 1982 and 1983, but did not pursue review in the district court.
 
 
 3
 Langford's appeal to the district court from the ALJ's denial of benefits on the current application resulted in a remand since a transcript of the first hearing was unobtainable. On remand, the ALJ denied relief on May 13, 1988. The ALJ concluded that although Langford had residuals of old poliomyelitis, he did not have an impairment or combination of impairments medically equal to those listed. The ALJ concluded that his complaints of severe, incapacitating pain were not credible and that he could perform sedentary work, even though limitations did not allow him to perform the full range of sedentary work. The Appeals Council adopted the ALJ's findings on July 14, 1988. On review in the district court, the magistrate found substantial evidence to support the Secretary's decision and the district court adopted the magistrate's report on January 25, 1989.
 
 
 4
 On appeal, Langford argues that the Secretary and court incorrectly imposed additional severity requirements not contained in the Listing of Impairments and incorrectly denied benefits under Section 11.11 of the Listings. Langford also contends that the Secretary and court erroneously rejected Langford's statements of disabling pain and failed to consider objective medical evidence, which he contends demonstrates the persistent disorganization of motor function required to satisfy the Listings.
 
 
 5
 Langford's strongest argument is that the facts in the record in his case are indistinguishable from those facts which brought about a reversal of denial of benefits in Gambill v. Bowen, 823 F.2d 1009 (6th Cir.1987). Langford essentially argues that because both of his lower limbs have been affected by polio and thus been shown to be a serious interference with his locomotion, as defined in Section 11.00C of the Listings, benefits are to be awarded without regard to the extent of the physical impairment and without regard to the extent of any pain associated with the impairment. We disagree with Langford's contentions because the extent of severity, a finding of which is necessary to determine whether the grids are applicable, appears upon the record here to be subject to some factual disagreement. The medical evidence indicates that there is disagreement as to the amount of the limitation and as to the degree of pain which would be expected to interfere with Langford's capability for locomotion. We find persuasive the observations of the ALJ concerning Langford's agility, his ability to move about without evident pain, and the evidence that his condition does not appear to have called for continuing physical treatment or medical attention. The record also indicates that he takes only non-prescription analgesic drugs such as aspirin and Tylenol and, then, only rarely.
 
 
 6
 The panel also recognizes that the diagnosis of his post-status polio, as a progressive disease, may very well not bode well for his future employability. At the same time, the court was satisfied that, for the relevant time period involved in this appeal, Mr. Langford has not satisfied his burden of demonstrating that the Secretary's decision was not supported by substantial evidence.
 
 
 7
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Judge Engel assumed senior status effective October 1, 1989